UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAVARE HOLLEY,

                                 Plaintiff,

      v.                                      **COMPLAINT**

MILLHOUSE FAMILY RESTAURANT, INC.,    Civ. Action No. _____
CHRIS STATHOPOULOS, in his individual
capacity, and CARMELLA STATHOPOULOS,
in her individual capacity,

                                Defendants.

## PRELIMINARY STATEMENT

1.      Plaintiff Tavare Holley brings this action against his former employers,

Defendants Millhouse Family Restaurant Inc., Chris Stathopoulos, and Carmella Stathopoulos, to

recover unpaid overtime wages, statutory damages, and relief for violations of the Fair Labor

Standards Act, 29. U.S.C. §§ 201, et seq. ("FLSA"), the New York State Labor Law, N.Y. Labor

Law §§ 190, et seq., and N.Y. Labor Law § 215 ("NYLL"), as well as statutory damages for

violations of the Internal Revenue Code ("IRC"), 26 U.S.C. § 7434.

2.      During plaintiff's employment, defendants failed to pay him his overtime wages;

failed to comply with wage notice and wage statement requirements under the NYLL; failed to

pay him the New York "spread of hours" premium; and retaliated against the plaintiff by firing

him for discussing overtime wages with other workers and for raising complaints about unpaid

wage violations.

# I.     JURISDICTION AND VENUE

3.    This court has jurisdiction over plaintiff's claims pursuant to 29 U.S.C. §216(b) of the FLSA, 28 U.S.C. §1331, this action arising under laws of the United States, 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce, and the IRC 26 U.S.C. § 7434 and 28 U.S.C. § 1340.

4.    Jurisdiction over plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5.    This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because those claims arise out of the same common nucleus of operative fact as the federal claim, as to form part of the same case or controversy under Article III of the United States Constitution.

6.    Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(1) because defendants reside in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

# II.     PARTIES

## A.  Plaintiff Tavare Holley

7.    Plaintiff Holley is an adult individual who resides in Monroe County, New York.

8.    At all times relevant to this action, plaintiff was over the age of 20 when he was employed by the defendants.

9.    At all times relevant to this action, Plaintiff Holley was an "employee" of the Defendants as defined in FLSA, 29 U.S.C. § 2013(e), NYLL §§ 190(2) and 671(2) and the

Hospitality Industry Wage Order, N. Y. Comp. Codes R. & Regs. Tit. 12 § 146-3.2 (12 NYCRR 146).

10.     Plaintiff Holley has agreed and consented in writing to be a party plaintiff in this action, as required by 29 U.S.C § 216(b).  See Exhibit A.

### B.  Millhouse Family Restaurant, Inc.

11.     Millhouse Family Restaurant, Inc. (herein "Corporate Defendant") is a New York domestic business corporation styled as family-style restaurant and diner.

12.     Corporate Defendant's principal executive office is located at 3670 Lake Road, Suite 1, Brockport, New York 14420.

13.     Corporate Defendant has employed two or more individuals, including plaintiff, to handle, sell, or otherwise work on goods or materials—including food products, kitchen appliances, silverware, and general decor—that have been moved in or produced for commerce within the meaning of FLSA, 29 U.S.C. §§ 203(b), 206(a), and 207(a).

14.     Corporate Defendant's annual gross volume of sales made or business done was not less than $500,000 in the past fiscal year.

15.     At all times relevant to this action, Corporate Defendant was an employer within the hospitality industry as defined by 12 NYCRR 146-3.1(a) and 12 NYCRR 146-3.1(b) as the restaurant prepares and offers food and beverage for human consumption.

### C.  Defendant Chris Stathopoulos

16.     Defendant Chris Stathopoulos (herein "Defendant CEO") is the Chief Executive Officer of Corporate Defendant and resides in Monroe County, New York.

17.     Defendant CEO is an "employer" and "employed" Plaintiff as defined by 29 U.S.C. § 203(d), NYLL § § 2(6), 190(3) and 671(3).

18.     Defendant CEO had the power to and did exercise control over all aspects of the day-to-day functions of Corporate Defendant.

19.     Defendant CEO had operational control over the operational enterprise, including actively managing, supervising and directing the business operations.

20.     Defendant CEO had the power to establish, and did establish, the plaintiff's terms and conditions of employment.

21.     Defendant CEO had the power to hire and fire employees, such as the plaintiff.

22.     Defendant CEO had control over employee work schedules.

23.     Defendant CEO had the ability to determine the rate and method of employee payment.

24.     Defendant CEO maintained the employment records of the Corporate Defendant, including plaintiff's.

25.     Defendant CEO acted directly and indirectly in the Corporate Defendant's interests in relation to its employees, including plaintiff.

**D.  Defendant Carmella Stathopoulos**

26.     Defendant Carmella Stathopoulos is a co-owner of Corporate Defendant, is married to Defendant CEO, and resides in Monroe County, New York.

27.     Defendant Carmella Stathopoulos is an "employer" and "employed" plaintiff as defined by 29 U.S.C. § 203(d), NYLL § § 2(6), 190(3) and 671(3).

28.     Defendant Carmella Stathopoulos had the power to and did exercise control over all aspects of the day-to-day functions of Corporate Defendant.

29.     Defendant Carmella Stathopoulos had and exercised operational control over the operational enterprise, including actively managing, supervising and directing the business operations.

30.     Defendant Carmella Stathopoulos had the power to establish, and did establish, the plaintiff's terms of employment.

31.     Defendant Carmella Stathopoulos had the power to hire and fire employees, such as plaintiff.

32.     Defendant Carmella Stathopoulos had control over employee work schedules.

33.     Defendant Carmella Stathopoulos had the ability to determine the rate and method of employee payment.

34.     Defendant Carmella Stathopoulos maintained the employment records of the Corporate Defendant, including plaintiff's.

35.     Defendant Carmella Stathopoulos acted directly and indirectly in Corporate Defendant's interests in relation to its employees, including plaintiff.

### III.     STATEMENT OF FACTS

**A.     Plaintiff's Wage and Employment Conditions**

36.     Plaintiff began employment with defendants as a dishwasher around October 2015 and worked in such capacity until August 16, 2016.

37.     Plaintiff's job duties and responsibilities with defendants included washing dishes, sweeping and mopping floors, and cleaning bathrooms.

38.     Defendants instructed plaintiff to punch two different time cards during his employment.

39.     Defendants instructed plaintiff to punch in and out of work with one time card such that the total amount of hours recorded would indicate that plaintiff never exceeded forty (40) hours of work per week.

40.     Wages for hours worked and reflected on this time card would be taxed, noted on a paystub, and paid to plaintiff in cash.

41.     The second time card that defendants instructed plaintiff to punch in and out of work was used to record all hours when plaintiff worked in excess of forty (40) hours per week.

42.     Defendants failed to pay or report taxes or provide a paystub for these overtime wages which were paid in cash to plaintiff.

43.     From November 4, 2015 through November 22, 2015, plaintiff worked between forty (40) and forty-six (46) hours per week.

44.     Plaintiff's regular schedule from November 4, 2015 through November 22, 2015, was 4:00 p.m. to 9:00 p.m. Monday and Wednesday, 3:00 p.m. to 9:00 p.m. Thursday through Saturday, and 8:00 a.m. to 8:00 p.m. on Sundays, equaling approximately forty (40) hours per week.

45.     During this period, plaintiff typically had Tuesdays off, but when the other dishwasher was unavailable, plaintiff worked from 8:00 a.m. to 2:00 p.m., totaling forty-six (46) hours per week.

46.     During this period, from November 4, 2015 through November 22, 2015, plaintiff was paid in cash only.

47.     From November 4, 2015 through November 22, 2015, plaintiff was paid $8.75 per hour for all hours worked up to forty (40) hours.

48. From November 4, 2015 through November 22, 2015, plaintiff was paid $8.75 per hour, instead of the mandated $13.13 per hour overtime rate, for all hours worked in excess of forty (40) hours per week.

49. At no time between November 4, 2015 through November 22, 2015 did the defendants compensate the plaintiff for any hours worked over forty (40) at the mandatory one and one-half times his regular rate of pay every week.

50. From November 4, 2015 through November 22, 2015, plaintiff's spread of hours was twelve (12) hours every Sunday.

51. At no time between November 4, 2015 through November 22, 2015, did the defendants compensate the plaintiff with the mandatory additional hour of pay at the then-prevailing minimum wage when his spread of hours exceeded ten (10) hours in a given work day.

52. From December 1, 2015 through July 11, 2016, plaintiff worked between forty-one (40) and sixty (60) hours per week.

53. Plaintiff's regular schedule from December 1, 2015 through July 11, 2016, was 4:00 p.m. to 9:00 p.m. Monday and Wednesday; 3:00 p.m. to 9:00 p.m. Thursday and Saturday; 2:00 p.m. to 10:00 p.m. on Friday; and 8:00 a.m. to 8:00 p.m. on Sundays, equaling approximately forty-two (42) hours per week.

54. During this period, plaintiff was scheduled to have Tuesdays off, but worked almost every Tuesday from 8:00 a.m. to 2:00 p.m., and a second shift starting at 3:00 p.m. and ending at 9:00 p.m., totaling an additional twelve hours (12) hours per week.

55. From December 1, 2015 through July 11, 2016, plaintiff was often called in to work a double shift on Friday mornings, adding an additional six (6) hours per week.

56.     From December 1, 2015 through July 11, 2016, plaintiff was often called in to work on other days of the week as needed.

57.     In November 2015 and for the whole month of December 2015 plaintiff was paid $8.75 per hour for all hours worked up to forty (40) hours on the first time card.

58.     During this same time period, plaintiff was paid $8.75, instead of the mandated $13.13 per hour overtime rate, for all hours he worked in excess of forty (40) hours per week.

59.     From January 1, 2016 through the date of plaintiff's termination, defendants paid plaintiff $9.00 per hour for all hours he worked up to forty (40) hours as indicated on the first time card.

60.     From January 1, 2016 through the date of plaintiff's termination, defendants paid plaintiff $9.00 per hour, instead of the legally mandated $13.50 per hour for each hour worked in excess of forty (40) hours per week.

61.     At no time between December 1, 2015 and July 11, 2016 did defendants compensate plaintiff at the mandatory overtime rate of one and one-half times his regular rate of pay every hour of work

62.     Plaintiff's spread of hours was twelve (12) hours most Tuesdays between December 1, 2015 through July 11, 2016.

63.     Plaintiff's spread of hours was twelve (12) hours most Fridays between December 1, 2015 through July 11, 2016.

64.     Plaintiff's spread of hours was twelve (12) hours every Sunday between December 1, 2015 through July 11, 2016.

65.     Defendants did not compensate plaintiff the mandatory additional hour of pay at the then-prevailing minimum wage when his spread of hours exceeded ten (10) hours in a given work day between December 1, 2015 and July 11, 2016.

66.     From July 11, 2016 until August 2016, plaintiff was scheduled to work from 8:00 a.m. to 2:00 p.m., Monday through Saturday with Sundays off.

67.     However, plaintiff was called in far more often than his scheduled hours, averaging approximately fifty (50) to sixty (60) hours of work per week.

68.     For example, the week before defendants fired him, plaintiff worked Monday 8:00 a.m. to 2:00 p.m.; a double shift of 8:00 a.m. to 2:00 p.m. and 4:00 p.m. to 9:00 p.m. on Tuesday; 4:00 p.m. to 9:00 p.m. on Wednesday; 3:00 p.m. to 9:00 p.m. on Thursday, a double shift of 8:00 a.m. to 2:00 p.m. and 3:00 p.m. to 10:00 p.m. on Friday; and Saturday 3:00 p.m. to 9:00 p.m., totaling approximately forty-seven (47) hours.

69.     Plaintiff received no breaks during his work hours except for the one hour break between shifts.

70.     Defendants did not furnish plaintiff with a wage notice upon hire stating his regular hourly rate and overtime rate of pay.

71.     Defendants did not furnish plaintiff with wage statements reflecting his overtime hours worked during plaintiff's employment.

**B.      Defendants' Willful Filing of Fraudulent Information Returns**

72.     While in defendants' employ, plaintiff regularly worked more than forty (40) hours per week.

73.     At all times defendants had knowledge of all hours plaintiff worked including overtime hours worked in excess of forty (40) hours per week.

74. At no time did defendants pay plaintiff at the overtime rate of one-and-one-half (1.5) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

75. Defendants paid plaintiff at his regular hourly rate—the minimum wage rate—for all hours worked each week including overtime hours worked in excess of forty (40) per week.

76. Plaintiff was not exempt from the FLSA and NYLL overtime pay requirement and should have been paid at the rate of one-and-one half (1.5) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

77. Defendants had actual knowledge of the FLSA and NYLL overtime pay requirements.

78. Defendants had actual knowledge that the rate and method used to pay plaintiff was a violation of the FLSA and NYLL.

79. Defendants used a two-time card scheme as an attempt to hide or otherwise disguise defendants' FLSA and NYLL overtime violations and to avoid the tax consequences associated with paying FICA and related payroll taxes on all of plaintiff's wages.

80. In each tax year during the period of plaintiff's employment, defendants issued him an IRS W-2 Tax Form information return.

81. The 2015 and 2016 W-2 Tax Forms that defendants submitted to the IRS are false.

C. **Plaintiff's Retaliatory Discharge**

82. During the week of August 16, 2016, plaintiff talked to a co-worker about his belief that he was entitled to overtime pay.

83.     Immediately following this conversation, plaintiff sent a text message to Defendant CEO to complain about what he reasonably and in good faith believed was a violation of wage and hour law—the defendants' failure to pay overtime to him.

84.     Plaintiff's text messages to Defendant CEO stated:

All that money yall owe me.  I was working a lot of hours 4 you no health insurance no overtime pay then getting beat for a few dollars out of every check.

85.     Defendant CEO did not respond to plaintiff's text messages.

86.     On the same day, Defendant Carmella Stathopoulos sent a text message to plaintiff stating: "Chris said you text him about money he owes you?? What do you mean? I am confused??"

87.     On the same day, Defendant Carmella Stathopoulos called plaintiff to ask him about the problem.

88.     Plaintiff responded that he was supposed to be getting paid more money for overtime.

89.     Defendant Carmella Stathopoulos said she would talk to Defendant CEO and look into the situation.

90.     Defendant Carmella Stathopoulos then fired plaintiff by telling him that she would have another worker cover his shifts, leaving him without a job.

91.     Despite plaintiff's complaint about wages, defendants refused to pay him the amount of overtime wages owed to him for his work.

92.     Defendants instructed plaintiff not to come back to Corporate Defendant's restaurant.

93.     Defendants refused to provide plaintiff with copies of the second time cards documenting his weekly overtime hours.

## IV.    CLAIMS AGAINST DEFENDANTS

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act (FLSA) – Overtime Violations

94.    Defendants failed to pay plaintiff overtime at the federally mandated one and one-half rate for all hours over forty (40) hours worked in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and its implementing regulations.

95.    Defendants' failure to pay overtime was willful, intentional and lacked a good faith basis since Defendants used a secondary punch clock for employees, for hours worked over forty (40) hours per week, in order to avoid overtime obligations.

96.    Under defendants' pay scheme, wages for hours worked over forty (40) hours per week were not taxed or noted on a paystub and paid in cash.  Said violations were willful within the meaning of 29 U.S.C. §255.

97.    As a result of defendants' unlawful acts, plaintiff has been deprived of overtime compensation and is entitled to recover from the defendants his unpaid overtime wages, an additional equal amount as liquidated damages, costs and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### Fair Labor Standards Act (FLSA) – Retaliation

98.    Defendants discharged plaintiff for complaining about wage and hour violations, in violation of 29 U.S.C. §215(a)(3).

99.    Plaintiff's complaint for unpaid overtime wages was based on a reasonable and good faith belief that defendants violated wage and hour laws.  As a result of defendants' unlawful acts, plaintiff is entitled to recover from the defendants payment of lost wages, an

additional equal amount as liquidated damages, costs and reasonable attorneys' fees, pursuant to

29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### Internal Revenue Code (IRC) – Willful Filing of Fraudulent Information Returns

100.     In each tax year during the period of plaintiff's employment, defendants

knowingly issued the plaintiff an incorrect IRS W-2 Tax Form.

101.     In each tax year defendants should have issued to plaintiff a correct IRS W-2 Tax

Form with the correct wages noted and calculated and the correct withholdings noted, calculated

and withheld.

102.     At all times, defendants had actual knowledge that an accurate IRS W-2 Tax

Form with the correct wages noted and calculated and the correct withholdings noted, calculated,

and withheld was the legally required tax form for plaintiff and that defendants should have

issued to plaintiff an accurate tax document and not an IRS W-2 Tax Form representing only a

portion of plaintiff's wages and withholdings.

103.     Defendants acted willfully and fraudulently to purposely issue incorrect IRS W-2

Tax Forms to plaintiff during his employ.

104.     Defendants failed to pay plaintiff his overtime premium under federal and state

labor laws throughout his employment: (a) to avoid paying the required employer share of FICA

and related employer tax withholdings and state unemployment taxes, (b) to defraud federal and

state taxing authorities and the defendants' workers' compensation insurance carrier by lessening

defendants tax obligations and the amount of its workers' compensation insurance premium, and

(3) to gain an unfair competitive advantage against industry competitors that otherwise adhered

to their employer related tax obligations.

105.    Defendants had actual knowledge that the IRS W-2 Tax Forms for 2015 and 2016 issued to plaintiff were incorrect because defendants used a secondary punch clock for employees in order to avoid paying lawful overtime wages.

106.    Defendants acted willfully and fraudulently by purposely filing incorrect information returns that misreported plaintiff's wages.

107.    True and accurate copies of the IRS W-2 Tax Forms issued by defendants to plaintiff for his work in 2015 and 2015 are attached hereto as Exhibit B.

108.    IRS Form W-2 constitutes an "information return" within the meaning of 26 U.S.C. §§7434(a), (f) and 6724(d)(1)(A)(i) and 6041(a).

109.    Defendants knew when they issued Forms W-2 to the plaintiff that they were incorrect and incomplete information returns.

110.    Defendants knew and expected the IRS would rely on the accuracy and truth of the information returns defendants submitted.

111.    As required by 26 U.S.C. § 7434(d), plaintiff has provided a copy of these forms to the Internal Revenue Service.

112.    Plaintiff has sustained damages as a result of the defendants' wrongful conduct.

**FOURTH CAUSE OF ACTION**
**New York Labor Law (NYLL) – Overtime Wages**

113.    Defendants failed to pay plaintiff overtime premiums, at one and a half times his regular rate of pay, for all hours worked in excess of forty hours per week in violation of NYLL Art. 19, § 650, *et seq.*, and its implementing regulations, 12 N.Y.C.R.R. § 142-3.2.

114.    Defendants' failure to pay overtime premiums was willful, intentional and lacked a good faith basis since they used a false timekeeping system in order to avoid overtime

obligations. Wages for hours worked over forty (40) hours per week were not taxed or noted on a paystub and paid in cash. Said violations were willful within the meaning of 29 U.S.C. §255.

115.    As a result of defendants' unlawful acts, plaintiff is entitled to recover from defendants his unpaid overtime premium wages, an additional equal amount as liquidated damages, costs and reasonable attorneys' fees, pursuant to NYLL Art. 6 §198.

**FIFTH CAUSE OF ACTION**
**New York Labor Law (NYLL) – Spread of Hours**

116.    Defendants failed to compensate plaintiff at the mandatory additional hour of pay at the prevailing minimum wage when his spread of hours exceeded ten (10) hours in a given day.

117.    Defendants' failure to pay spread of hours is in violation of Hospitality Industry Wage Order Part 146 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the State of New York (12 NYCRR 146).

118.    As a result of defendants' unlawful acts, plaintiff is entitled to recover from defendants his unpaid spread of hours pay, an additional equal amount as liquidated damages, costs and reasonable attorneys' fees, pursuant to NYLL Art. 6 §198.

**SIXTH CAUSE OF ACTION**
**New York Labor Law (NYLL) – Wage Notice and Wage Statement Requirements**

119.    Defendants failed to issue to plaintiff the legally mandated written pay notice at the time of hire, in violation of NYLL Art. 6 § 195(1).

120.    Defendants failed to issue to plaintiff legally mandated wage statements in violation of NYLL Art. 6 § 195(3).

121.    Defendants' violations of wage notice and wage statement requirements were intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

122.     Defendants failed to make a good faith effort to comply with state wage laws.

123.     As a result of defendants' violations of NYLL Art. 6 §§ 195(1) and (3), plaintiff is entitled to recover damages together with costs and reasonable attorneys' fees in accordance with NYLL Art. 6 § 198.

## SEVENTH CAUSE OF ACTION
### New York Labor Law (NYLL) – Retaliation

124.     Defendants discharged plaintiff for complaining about his employer's misconduct that he reasonably and in good faith believed violated the labor laws of the state of New York, in violation of NYLL Art. 7 §215.

125.     Defendants' retaliatory actions were intentional and willful.  Defendants knew or should have known that discharging the plaintiff for complaining about state labor laws and asserting his rights was unlawful.

126.     Defendants failed to make a good faith effort to comply with state labor laws.

127.     Plaintiff provided notice to the Attorney General of this action before the filing of this Complaint, pursuant to NYLL Art. 7 § 215.

128.     As a result of defendants' unlawful acts, plaintiff is entitled to lost compensation, liquidated damages in an amount not to exceed $20,000, costs, and reasonable attorneys' fees, pursuant to NYLL Art. 7 §215.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter an order granting:

i.     Judgment to plaintiff for his FLSA claims and awarding plaintiff his unpaid overtime pay, and an equal amount in statutory liquidated damages;

ii.     Judgment to plaintiff for his claim of retaliatory discharge under FLSA as well as back pay and front pay damages;

iii. Judgment to plaintiff for his claim relating to defendants' willful fraudulent filing of information forms in 2015 and 2016 and awarding plaintiff statutory damages amounting to $5,000 for each fraudulent information or the sum of (1) any actual damages sustained by the plaintiff as a proximate result of the fraudulent information returns;

iv. Judgment to plaintiff for his NYLL claims and awarding plaintiff his unpaid overtime pay, and an equal amount in statutory liquidated damages;

v. Fifty dollars ($50.00) for each day that defendants failed to provide a wage notice capped at $5,000;

vi. Two-hundred fifty dollars ($250.00) for each day that defendants failed to provide a wage statement capped at $5,000;

vii. Spread of hours compensation at one additional hour of pay at the basic minimum hourly rate on each day the spread of hours exceeds ten (10), as defined under 12 NYCRR § 146-1.6(a);

viii. Judgment to plaintiff for his claim of retaliatory discharge under NYLL as well as back pay, front pay, and statutory liquidated damages capped at $20,000 under NYLL § 215(2)(a);

ix. Appropriate declaratory and injunctive relief to remedy violations as provided under N.Y. Labor Law § 198(1-b) and 198(1-d);

x. Prejudgment and post-judgment interest as defined in NYLL § 198(1-a);

xi. Plaintiff his costs and reasonable attorneys' fees as defined in 29 U.S.C. § 216(b), 26 U.S.C. § 7434(b), NYLL § 198(1-a) and NYLL § 215(2)(a); and

xii. Such further relief as the Court finds just and equitable.

Respectfully Submitted,

/s/ Elizabeth Koo
Elizabeth Koo, Esq.
Peter O'Brian Dellinger, Esq.

Empire Justice Center
1 West Main Street, Suite 200
Rochester, NY 14614
Phone: 585-295-5728
Fax: 585-454-2518

ekoo@empirejustice.org
pdellinger@empirejsutice.org

**ATTORNEYS FOR THE PLAINTIFF**

Dated: Rochester, New York
        April 4, 2017

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAVARE HOLLEY,

                                    Plaintiff,

        v.                                              Civ. Action No. _____

MILLHOUSE FAMILY RESTAURANT, INC.,      **NOTICE OF CONSENT FOR**
CHRIS STATHOPOULOS, in his individual   **FLSA**
capacity, and CARMELLA STATHOPOULOS,
in her individual capacity,

                                    Defendants.

### Notice of Consent of FLSA Action

I authorize Empire Justice Center, and any associated attorneys as well as any successors or assigns, to represent me in this action.

I agree and consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. to secure unpaid wages, liquidated damages, attorneys' fees, costs and/or other relief arising out of my employment with Millhouse Family Restaurant, Inc., Chris Stathopoulos, in his individual capacity, and Carmella Stathopoulos, in her individual capacity.

Dated: Rochester, New York
        MARCH  17, 2017                          _____
                                                TAVARE HOLLEY

1

# EXHIBIT B

This information is being furnished to IRS. If you are required to file a tax return, a negligence penalty/other sanction may be imposed on you if this income is taxable & you fail to report it.

## Copy C--For EMPLOYEE'S RECORDS (See Notice to Employee.)

38-2099803
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. 1747.82 | 2 Fed. income tax withheld 106.24 |
|---|---|---|
| | 3 Social security wages 1747.82 | 4 Soc. sec. tax withheld 108.36 |
| b Employer ID number (EIN) | 5 Medicare wages and tips 1747.82 | 6 Medicare tax withheld 25.34 |

c Employer's name, address, and ZIP code
MILLHOUSE FAMILY RESTRNT, INC.

3670 LAKE ROAD  UNIT 1
BROCKPORT NY 14420

d Control number
108

e Employee's name, address, and ZIP code

TAVARE L HOLLEY
8444 W RIDGE ROAD
BROCKPORT NY 14420

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee | 14 Other NYDIS 3.60 | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| NY | | 1747.82 | 31.57 |
|---|---|---|---|
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax | |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | |

Form W-2 Wage and Tax Statement   2015   Dept. of the Treasury -- IRS

---

## Copy 2--To Be Filed With Employee's State, City, or Local Income Tax Return

38-2099803
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. 1747.82 | 2 Fed. income tax withheld 106.24 |
|---|---|---|
| | 3 Social security wages 1747.82 | 4 Soc. sec. tax withheld 108.36 |
| b Employer ID number (EIN) | 5 Medicare wages and tips 1747.82 | 6 Medicare tax withheld 25.34 |

c Employer's name, address, and ZIP code
MILLHOUSE FAMILY RESTRNT, INC.

3670 LAKE ROAD  UNIT 1
BROCKPORT NY 14420

d Control number
108

e Employee's name, address, and ZIP code

TAVARE L HOLLEY
8444 W RIDGE ROAD
BROCKPORT NY 14420

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee | 14 Other NYDIS 3.60 | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| NY | | 1747.82 | 31.57 |
|---|---|---|---|
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax | |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | |

Form W-2 Wage and Tax Statement   2015   Dept. of the Treasury -- IRS

4UPPERFI   ★ NTF 0492

---

## Copy B--To Be Filed With Employee's FEDERAL Tax Return.

38-2099803
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. 1747.82 | 2 Fed. income tax withheld 106.24 |
|---|---|---|
| | 3 Social security wages 1747.82 | 4 Soc. sec. tax withheld 108.36 |
| b Employer ID number (EIN) | 5 Medicare wages and tips 1747.82 | 6 Medicare tax withheld 25.34 |

c Employer's name, address, and ZIP code
MILLHOUSE FAMILY RESTRNT, INC.

3670 LAKE ROAD  UNIT 1
BROCKPORT NY 14420

d Control number
108

e Employee's name, address, and ZIP code

TAVARE L HOLLEY
8444 W RIDGE ROAD
BROCKPORT NY 14420

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee | 14 Other NYDIS 3.60 | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| NY | | 1747.82 | 31.57 |
|---|---|---|---|
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax | |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | |

---

## Copy 2--To Be Filed With Employee's State, City, or Local Income Tax Return

38-2099803
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. 1747.82 | 2 Fed. income tax withheld 106.24 |
|---|---|---|
| | 3 Social security wages 1747.82 | 4 Soc. sec. tax withheld 108.36 |
| b Employer ID number (EIN) | 5 Medicare wages and tips 1747.82 | 6 Medicare tax withheld 25.34 |

c Employer's name, address, and ZIP code
MILLHOUSE FAMILY RESTRNT, INC.

3670 LAKE ROAD  UNIT 1
BROCKPORT NY 14420

d Control number
108

e Employee's name, address, and ZIP code

TAVARE L HOLLEY
8444 W RIDGE ROAD
BROCKPORT NY 14420

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee | 14 Other NYDIS 3.60 | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| NY | | 1747.82 | 31.57 |
|---|---|---|---|
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax | |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | |

## Copy B--To Be Filed With Employee's FEDERAL Tax Return.

38-2099803
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. 9510.44 | 2 Fed. income tax withheld 601.77 |
| | 3 Social security wages 9510.44 | 4 Soc. sec. tax withheld 589.65 |
| b Employer ID number (EIN) | 5 Medicare wages and tips 9510.44 | 6 Medicare tax withheld 137.90 |

c Employer's name, address, and ZIP code
MILLHOUSE FAMILY RESTRNT, INC.

3670 LAKE ROAD   UNIT 1
BROCKPORT  NY 14420

d Control number
108

e Employee's name, address, and ZIP code

TAVARE L HOLLEY
18 N MAIN STREET
BROCKPORT NY 14420

| 7 Social security tips | 8 Allocated tips | 9 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee | 14 Other  NYDIS  18.80 | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |
| NY   9510.44   181.34 | | |
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement   **2016**   Dept. of the Treasury -- IRS
This information is being furnished to the Internal Revenue Service.

6  BW24UP     NTF 2580316

---

## Copy 2--To Be Filed With Employee's State, City, or Local Income Tax Return

38-2099803
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. 9510.44 | 2 Fed. income tax withheld 601.77 |
| | 3 Social security wages 9510.44 | 4 Soc. sec. tax withheld 589.65 |
| b Employer ID number (EIN) | 5 Medicare wages and tips 9510.44 | 6 Medicare tax withheld 137.90 |

c Employer's name, address, and ZIP code
MILLHOUSE FAMILY RESTRNT, INC.

3670 LAKE ROAD   UNIT 1
BROCKPORT  NY 14420

d Control number
108

e Employee's name, address, and ZIP code

TAVARE L HOLLEY
18 N MAIN STREET
BROCKPORT NY 14420

| 7 Social security tips | 8 Allocated tips | 9 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee | 14 Other  NYDIS  18.80 | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |
| NY   9510.44   181.34 | | |
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement   **2016**   Dept. of the Treasury -- IRS

Copyright 2016 Greatland/Nelco

---

This information is being furnished to IRS. If you are required to file a tax return, a negligence penalty/other sanction may be imposed on you if this income is taxable & you fail to report it.

## Copy C--For EMPLOYEE'S RECORDS (See Notice to Employee.)

38-2099803
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. 9510.44 | 2 Fed. income tax withheld 601.77 |
| | 3 Social security wages 9510.44 | 4 Soc. sec. tax withheld 589.65 |
| b Employer ID number (EIN) | 5 Medicare wages and tips 9510.44 | 6 Medicare tax withheld 137.90 |

c Employer's name, address, and ZIP code
MILLHOUSE FAMILY RESTRNT, INC.

3670 LAKE ROAD   UNIT 1
BROCKPORT  NY 14420

d Control number
108

e Employee's name, address, and ZIP code

TAVARE L HOLLEY
18 N MAIN STREET
BROCKPORT NY 14420

| 7 Social security tips | 8 Allocated tips | 9 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee | 14 Other  NYDIS  18.80 | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |
| NY   9510.44   181.34 | | |
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement   **2016**   Dept. of the Treasury -- IRS

---

## Copy 2--To Be Filed With Employee's State, City, or Local Income Tax Return

38-2099803
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. 9510.44 | 2 Fed. income tax withheld 601.77 |
| | 3 Social security wages 9510.44 | 4 Soc. sec. tax withheld 589.65 |
| b Employer ID number (EIN) | 5 Medicare wages and tips 9510.44 | 6 Medicare tax withheld 137.90 |

c Employer's name, address, and ZIP code
MILLHOUSE FAMILY RESTRNT, INC.

3670 LAKE ROAD   UNIT 1
BROCKPORT  NY 14420

d Control number
108

e Employee's name, address, and ZIP code

TAVARE L HOLLEY
18 N MAIN STREET
BROCKPORT NY 14420

| 7 Social security tips | 8 Allocated tips | 9 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee | 14 Other  NYDIS  18.80 | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |
| NY   9510.44   181.34 | | |
| 15 State  Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement   **2016**   Dept. of the Treasury -- IRS

4UPPERFI   ✱ NTF 0492